UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

Li Ming Yan, Wei Guo Shi, individually and on behalf all other employees similarly situated,

Plaintiff,

- against -

China Gourmet Food Inc. d/b/a China Gourmet , Heng Liang Lin, Zhong Yi Chen

Defendants.

---

Case No.

**COLLECTIVE ACTION COMPLAINT**

Plaintiff Li Ming Yan ("Yan"), Wei Guo Shi ("Shi") on their own behalf and on behalf of all others similarly situated, by and through their undersigned attorneys, Hang & Associates, PLLC, hereby file this complaint against the Defendants China Gourmet Food Inc. d/b/a China Gourmet , Heng Liang Lin ( "Lin") and Zhong Yi Chen ("Chen") (collectively "Defendants"), allege and show the Court the following:

<strong><u>INTRODUCTION</u></strong>

1.     This is an action brought by Plaintiffs on their own behalf and on behalf of similarly situated employees, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the New York Labor Law, arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2.     Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay their employees, including Plaintiffs, overtime compensation for all hours worked over forty (40) each workweek.

3.    Plaintiffs allege pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid overtime wages, (2) liquidated damages, (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

4.    Plaintiffs further allege pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that they are entitled to recover from the Defendants: (1) unpaid overtime compensation, (2) unpaid "spread of hours" premium for each day they worked ten (10) or more hours, (3) compensation for failure to provide wage notice at the time of hiring and failure to provide paystubs in violation of the NYLL (4) liquidated damages equal to the sum of unpaid minimum wage, unpaid "spread of hours" premium, unpaid overtime pursuant to the NY Wage Theft Prevention Act; (5) prejudgment and post-judgment interest; and (6) attorney's fees and costs.

## JURISDICTION AND VENUE

5.    This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

6.    Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFFS

7.    Plaintiff Yan is a resident of Queens and was employed as a cook by China Gourmet Food Inc. d/b/a China Gourmet located at 24515 Francis Lewis Blvd, Rosedale, NY 11422 from November 7, 2016 to April 1, 2017.

8.     Plaintiff Shi is a resident of Queens and was employed as a cook/kitchen helper by China Gourmet Food Inc. d/b/a China Gourmet located at 24515 Francis Lewis Blvd, Rosedale, NY 11422 from October 31, 2016 to January 31, 2017.

## **DEFENDANTS**

9.     Upon information and belief, Defendant, China Gourmet Food Inc. d/b/a China Gourmet owns and operates a restaurant in located at 24515 Francis Lewis Blvd, Rosedale, NY 11422.

10.     Upon information and belief, Defendant, China Gourmet Food Inc. d/b/a China Gourmet had gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year. Upon information and belief, China Gourmet Food Inc. purchased and handled goods moved in interstate commerce.

11.     Upon information and belief, Defendant Lin is the owner, officer, director and/or managing agent of China Gourmet Food Inc. d/b/a China Gourmet located at 24515 Francis Lewis Blvd, Rosedale, NY 11422, and participated in the day-to-day operations of China Gourmet Restaurant and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with China Gourmet Food Inc. (See Exhibit 2).

12.     Upon information and belief, Defendant Lin owns the stock of China Gourmet Food Inc. and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work.

13.     Upon information and belief, Defendant Chen is the owner, officer, director and/or managing agent of China Gourmet Food Inc. d/b/a China Gourmet located at 24515 Francis Lewis

Blvd, Rosedale, NY 11422, and participated in the day-to-day operations of China Gourmet Restaurant and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with China Gourmet Food Inc. (See Exhibit 2).

14.    Upon information and belief, Defendant Chen owns the stock of China Gourmet Food Inc. and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work.

15.    At all times relevant herein, China Gourmet Food Inc. was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

16.    At all relevant times, the work performed by Plaintiffs were directly essential to the business operated by China Gourmet Food Inc..

17.    At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned overtime compensation and spread-of-hour premiums, and failed to provide them a wage notice at the time of hiring and wage statements at each pay period in violation of the NYLL.

18.    Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or conditions have been waived.

**STATEMENT OF FACTS**

19.    Defendants committed the following alleged acts knowingly, intentionally and willfully.

20.     Defendants knew that the nonpayment of overtime pay, spread of hours pay, and failure to provide the required wage notice at the time of hiring would financially injure Plaintiffs and similarly situated employees and violate state and federal laws.

### *Plaintiff Wei Guo Shi*

21.     From October 31, 2016 to January 31, 2017, Plaintiff Shi worked as a cook/kitchen helper for Defendants' restaurant located at 24515 Francis Lewis Blvd, Rosedale, NY 11422.

22.     Throughout his employment with the Defendants, Plaintiff worked six days a week with one day off on Sunday. From Monday through Thursday, Shi's daily work schedule ran from 10:40 am to 11:00 pm with no break for twelve hours and twenty minutes (12. 20) each day. On Friday and Saturday, his schedule ran from 10: 40 am to 11:30 pm with no break for twelve hours and fifty minutes (12. 50) each day. Plaintiff Shi therefore worked around seventy-five (75) hours a week.

23.     Throughout his employment, Plaintiff Shi was paid by fixed monthly salary of $2,800 regardless of the actual hours he worked. Plaintiff Shi was paid in cash.

### *Plaintiff Li Ming Yan*

24.     From November 7, 2016 to present, Plaintiff Yan worked as a cook for Defendants' restaurant located at 24515 Francis Lewis Blvd, Rosedale, NY 11422.

25.     Throughout his employment with the Defendants, Plaintiff Yan worked six days a week with one day off on Sunday. From Monday through Thursday, Yan's daily work schedule ran from 10:40 am to 11:00 pm with no break for twelve hours and twenty minutes (12. 20) each day. On Friday and Saturday, his schedule ran from 10: 40 am to 11:30 pm with no break for twelve hours and fifty minutes (12. 50) each day. Plaintiff Yan therefore worked around seventy-five (75) hours a week.

26. Plaintiff Yan was paid by fixed monthly salary of $3,100 for the first month regardless of the actual hours he worked, his monthly salary was raised to $3,200 starting from the second month of his employment with the Defendants and remained the same under the end of employment.

27. Throughout their respective employment with the Defendants, Plaintiffs were not required to punch time cards, sign on time sheets or otherwise track the number of hours they worked, and they were not properly paid for all the actual hours they worked.

28. Defendants did not compensate Plaintiffs for overtime compensation according to state and federal laws.

29. Plaintiffs were not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours, one day each week.

30. Defendants did not provide Plaintiffs with a wage notices at the time of their hiring.

31. Defendants committed the following alleged acts knowingly, intentionally and willfully.

32. Defendants knew that the nonpayment of overtime and the "spread of hours" premium would economically injure Plaintiffs and the Class Members by their violation of federal and state laws.

33. While employed by Defendants, Plaintiffs were not exempt under federal and state laws requiring employers to pay employees overtime.

34. Plaintiffs and the New York Class Members' workdays frequently lasted longer than 10 hours.

35. Defendants did not pay Plaintiffs and other Class members' New York's "spread of hours" premium for every day in which they worked over 10 hours.

36.     Defendants failed to keep full and accurate records of Plaintiffs' hours and wages.

37.     Defendants did not provide Plaintiffs and other Class members with written notices about the terms and conditions of their employment upon hire in relation to their rate of pay, regular pay cycle and rate of overtime pay. These notices were similarly not provided upon Plaintiff and other Class members' pay increase(s).

38.     Defendants committed the foregoing acts against the Plaintiffs, the FLSA Collective Plaintiff, and the Class.

## COLLECTIVE ACTION ALLEGATIONS

39.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

40.     Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiffs and other similarly situated employees.

41.     Plaintiffs bring this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants at their restaurant location for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom failed to receive spread-of-hours pay, overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members"), and have been subject to the same common decision, policy, and plan to not provide required wage notices at the time of hiring, in contravention to federal and state labor laws.

42.     Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than fifteen (15) Collective Action members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

43.     Plaintiffs will fairly and adequately protect the interests of the Collective Action Members, and have retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

44.     This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this class that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

45.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the

members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

46.     Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiff and other Collective Action Members are:

a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

b. Whether the Defendants failed to pay the Collective Action Members overtime wages for all hours worked above forty (40) each workweek in violation of the FLSA and the regulation promulgated thereunder;

c. Whether the Defendants failed to pay the Collective Action Members spread of hours payment for each day an employee worked over 10 hours;

d. Whether the Defendants failed to provide the Collective Action Members with a wage notice at the time of hiring as required by the NYLL;

e. Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

f. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

47.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

48.     Plaintiffs and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## STATEMENT OF CLAIM

### COUNT I
**[Violations of the Fair Labor Standards Act—Overtime Wage
Brought on behalf of the Plaintiffs and the FLSA Collective]**

49.     Plaintiffs re-allege and incorporates by reference all preceding paragraphs as though fully set forth herein.

50.     The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

51.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

52.     Defendants' failure to pay Plaintiffs and the FLSA Collective their overtime pay violated the FLSA.

53.     At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiffs and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

54.     The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

55.     Defendants willfully failed to notify Plaintiffs and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's and FLSA Collectives' labor.

56.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT II
### [Violation of New York Labor Law—Overtime Pay]

57.     Plaintiffs re-allege and incorporates by reference all preceding paragraphs as though fully set forth herein.

58.     Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay proper overtime compensation shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

59.     Defendants' failure to pay Plaintiffs and the Rule 23 Class their overtime pay violated the NYLL.

60.     Defendants' failure to pay Plaintiffs and the Rule 23 Class was not in good faith.

## COUNT III
### [Violation of New York Labor Law—Spread of Time Pay]

61.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

62. The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§190, et seq., and §§650, et seq., and New York State Department of Labor regulations §146-1.6.

63. Defendants' failure to pay Plaintiffs and Rule 23 Class spread-of-hours pay was not in good faith.

**COUNT IV**
**[Violation of New York Labor Law—Time of Hire Wage Notice Requirement]**

64. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

65. The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer. NYLL §195-1(a).

66. Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on his or her first day of employment.

67. Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to each Plaintiffs even after the fact.

68. Due to Defendants' violations of New York Labor Law, each Plaintiff is entitled

to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

## COUNT V
### [Violation of New York Labor Law—New York Pay Stub Requirement]

69.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

70.     The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

71.     Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the paystub on or after Plaintiff's payday.

72.     Due to Defendants' violations of New York Labor Law, each Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law N.Y. Lab. Law §198(1-d).

## <u>Prayer For Relief</u>

WHEREFORE, Plaintiffs, on behalf of themselves and the FLSA collective plaintiffs, respectfully requests that this court enter a judgment providing the following relief:

a)     Authorizing plaintiffs at the earliest possible time to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been employed by defendants as non-exempt tipped or non-tipped employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to

join this lawsuit if they believe they were denied proper hourly compensation and premium overtime wages;

b)      Certification of this case as a collective action pursuant to FLSA;

c)      Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and his counsel to represent the Collective Action Members;

d)      A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

e)      An injunction against China Gourmet Inc., its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f)      An award of unpaid wages due to Plaintiffs and the Collective Action members under the FLSA and New York Labor Law, plus compensatory and liquidated damages in the amount of twenty five percent under NYLL §§190 et seq., §§650 et seq., and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, and interest;

g)      An award of unpaid overtime wages due under FLSA and New York Labor Law;

h)      An award of unpaid "spread of hours" premium due under the New York Labor Law;

i)      An award of damages for Defendants' failure to provide wage notice at the time of hiring as required under the New York Labor Law.

j)      An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay overtime compensation pursuant to 29 U.S.C. §216;

k)     An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, and "spread of hours" premium pursuant to New York Labor Law;

l)     An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

m)     The cost and disbursements of this action;

n)     An award of prejudgment and post-judgment fees;

o)     Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

p)     Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Flushing, New York April 4, 2017       HANG & ASSOCIATES, PLLC.

*/S/ JIAN HANG*
Jian Hang, Esq.
136-18 39th Ave., Suite 1003
Flushing, New York 11354
Tel: 718.353.8588
jhang@hanglaw.com
*Attorneys for Plaintiffs*

**CONSENT TO SUE UNDER**
**FEDERAL FAIR LABOR STANDARDS ACT**

I am an employee currently or formerly employed by China Gourmet Food Inc. and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

Wei Guo Shi
_____
Full Legal Name (Print)

Wei Guo Shi
_____
Signature

02/03/2017
_____
Date

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by China Gourmet Food Inc. and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

YAN LIMING
Full Legal Name (Print)

YAN LIMING
Signature

3/27/2017
Date

# **EXHIBIT II**

**NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY**
**FOR SERVICES RENDERED**

TO:     Heng Liang Lin

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Li Ming Yan, Wei Guo Shi, and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of China Gourmet Food Inc. for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: April 4, 2017

# NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY
## FOR SERVICES RENDERED

TO:     Zhong Yi Chen

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Li Ming Yan, Wei Guo Shi, and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of China Gourmet Food Inc. for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: April 4, 2017