## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") entered into this 29th day of ~~November~~ December 2017, is made by and between Li Ming Yan and Wei Guo Shi (collectively, the "Plaintiffs"), and China Gourmet Food Inc. d/b/a China Gourmet, and all of its predecessors and successors, (hereinafter, the "Corporation"), Heng Liang Lin, and Zhong Yi Chen (collectively the, "Defendants").

### WITNESSETH:

**WHEREAS**, Plaintiffs had been employed by the Corporation;

**WHEREAS**, on or about April 4, 2017, Plaintiffs commenced a lawsuit against Defendants in the United States District Court for the Eastern District of New York (the, "Court"), with the caption, "Li Ming Yan, Wei Guo Shi, individually and on behalf of all other employees similarly situated, Plaintiffs v. China Gourmet Food Inc. d/b/a China Gourmet, Heng Liang Lin, Zhong Yi Chen, Defendants," Civil Action Number 17-CV-01925 (RRM)(CLP) (the, "Lawsuit");

**WHEREAS**, Plaintiffs and Defendants (collectively the "Parties") now desire to resolve all claims, disputes and causes of action which Plaintiffs, their heirs, executors, administrators and assigns had, have or may have alleged in the Lawsuit against Defendants;

**NOW, THEREFORE,** in consideration of the mutual covenants and other good and valuable consideration contained herein, the Parties hereby agree as follows:

1. In exchange for the promises contained in this Agreement, Plaintiffs shall receive the sum of TWENTY THOUSAND ($20,000.00) AND 00/XX DOLLARS (the, "Settlement Sum") to be paid, subject to the Court's execution of the Stipulation and Order of Dismissal with Prejudice, annexed hereto as Exhibit "A" (the, "Order"), and receipt by the Defendants' attorney of a duly executed Form W-9 from Plaintiffs' counsel, which shall be

provided to the Defendants' attorney simultaneously with the execution of this Agreement, as follows:

(a) One check in the amount of $20,000.00, payable to "Hang & Associates, PLLC" for which defendants will issue an IRS Form 1099;

(b) The check will be sent to Plaintiffs' attorney, Jian Hang, Esq., Hang & Associates, PLLC, 136-20 38th Avenue, Suite 10G, Flushing, New York 11354, within thirty (30) days from the date of the Court's execution of the Order.

(c) Although the parties believe, in good faith, that the tax treatment of the Settlement Sum referenced in this Agreement is proper and in compliance with applicable IRS regulations, if, notwithstanding such belief, the Internal Revenue Service or any other federal, state or local government, administrative agency or court determines that the Plaintiffs and/or any Defendants are liable for any failure to pay federal, state or local income or employment taxes with respect to the Settlement Sum set forth in this Agreement, or liable for interest or penalties related thereto, that Plaintiffs agrees to hold Defendants harmless for any such liability.

2. The consideration set forth in Paragraph 1 hereof is in complete settlement of any and all demands or claims which Plaintiffs asserted in the Lawsuit against Heng Liang Lin, Zhong Yi Chen and the Corporation, including attorney fees. Plaintiffs hereby specifically acknowledge that this Agreement, and the Settlement Sum received by Plaintiffs and referenced herein, is a fair and reasonable resolution of a *bona fide* dispute over the provisions of the Fair Labor Standards Act, the New York Labor Law, and the New York City Administrative Code, for wages paid, time worked and/or other related wage claims.

3. For and in consideration of the promises outlined in this Agreement, the sufficiency of which Plaintiffs acknowledge, Plaintiffs agree to dismiss with prejudice, or

cause to be dismissed with prejudice, the Lawsuit. Plaintiffs and Defendants expressly authorize their respective Counsel to execute the Order and to submit any papers to the Court that are necessary to effectuate the dismissal of the Lawsuit with prejudice. The Court shall nevertheless retain jurisdiction over this matter to enforce the terms of this Agreement. Should the Court not approve the Order, the Parties agree that this Agreement shall be void and of no further effect, and any and all payments made pursuant to this Agreement shall be promptly returned, and they further agree that they will have forfeited no rights and will revert to the stance of litigation as it existed on November 10, 2017.

4.   In consideration of the Settlement Sum referred to in Paragraph 1 hereof, Plaintiffs for themselves and their heirs, successors and assigns, hereby promise and represent that, other than the aforesaid Lawsuit, they have not, and shall not, commence any administrative or judicial lawsuit or proceeding seeking unpaid minimum wages, overtime, or other wage claims as alleged in the Lawsuit against Heng Liang Lin, Zhong Yi Chen or the Corporation, its subsidiaries, affiliates, officers, trustees, board members and directors, (whether in their individual or representative capacity) partners, insurers, attorneys, principals, supervisors, employees, agents, members, associates, or representatives, in their individual or official capacities (hereinafter collectively referred to as "Releasees"), and Plaintiffs hereby release and discharge Releasees from, and hold them harmless against, any and all such claims, causes of action, obligations or liabilities for unpaid minimum wages, overtime and any other wage claims which they now have under any federal, state, or local statute or regulation including the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, New York Labor Law ("NYLL") §§ 650 *et seq.*, and Part 146 of Title 12 of the Official Compilation of Codes, Rules and Regulations of New York State (12 NYCRR 146), promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law). In the event either or both Plaintiffs voluntarily or

knowingly institute, or become a party to, or is a member of a class that institutes any such action, such claims shall be dismissed, or class membership terminated immediately upon presentation of this Agreement, and such Plaintiff or Plaintiffs shall reimburse Releasees for all legal fees and expenses incurred in defending such claims instituted by him or them or with his or their consent or ratification, and in obtaining dismissal thereof.

5. Plaintiffs acknowledge that their employment with Defendants have ended. They further voluntarily and unequivocally acknowledge and agree that by entering into this Agreement, they voluntarily and knowingly waive any and all rights to re-employment with Releasees, and will not seek employment with any Releasee at any time.

6. Plaintiffs agree that they shall not make any statement, written, oral or electronic, which in any way disparages Defendants, any employee Plaintiffs know to be employed by Defendants, or Defendants' business practices. However, this Paragraph shall not be interpreted to prevent Plaintiffs from making truthful statements concerning their experience litigating this Action, or the facts underlying their claims.

7. The Parties agree that, in an action arising from any alleged breach of this Agreement, in addition to any remedies available to the Parties in law or equity for a breach thereof, the prevailing party shall be entitled to receive reasonable attorneys' fees, incurred in enforcing said provisions and/or defending any action(s). Furthermore, should either or both Plaintiffs threaten to breach this Agreement, Plaintiffs understand that such breach or threatened breach can cause irreparable harm to the Defendants, thereby warranting injunctive relief. In that event, Defendants will be entitled to an injunction, with no posting requirement. If the application is granted, the breaching Plaintiff or Plaintiffs shall be liable for all costs and fees associated with securing the appropriate injunctive relief, including attorney fees.

8. The Parties recognize and agree that the making of this Agreement is not

intended to and does not constitute or imply, nor shall it be construed as, an admission of (i) liability or wrongdoing by Defendants and/or Releasees, or (ii) any violation of any federal, state or local statute, regulation or ordinance, or of any other right of Plaintiffs, upon any legal or equitable theory, whether contractual, common-law, statutory or otherwise.

9. This Agreement sets forth the entire agreement between the Parties with respect to its subject matter and fully supersedes any and all prior agreements or understandings, if any, between them pertaining to its subject matter.

10. The provisions of this Agreement are severable. If any of its terms are deemed unenforceable, the remaining provisions shall remain in effect.

11. This Agreement shall be construed in accordance with the laws of the State of New York without giving effect to principles of conflicts of law.

12. Any notices or communications required to be given by either party hereunder shall be in writing and shall be sent by certified mail, return receipt requested, by priority mail with electronic confirmation of delivery, or by facsimile transmission to the party receiving such communication at the address or fax number specified below:

| | |
|---|---|
| If to Heng Liang Lin, Zhong Yi Chen, or the Corporation: | Arthur H. Forman, Esq.<br>98-20 Metropolitan Avenue<br>Forest Hills, New York 11375<br>Tel: (718) 268-2616<br>Fax: (718) 575-1600 |
| If to Li Ming Yan, Wei Guo Shi: | Paul Mendez, Esq.<br>Hang & Associates, PLLC<br>136-20 38th Avenue, Suite 10G<br>Flushing, NY 11354<br>Tel: (718) 353-8522<br>Fax: (718) 353-6288 |

13. This Agreement may be executed in counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument. The parties further agree that a faxed or scanned signature shall have the same force and effect as an original signature.

China Gourmet Food Inc.

By: _____
Keng Chen, Pres.

_____
Li Ming Yan

_____
Arthur H. Forman, As Attorney for Defendants Heng Liang Lin and Zhong Yi Chen, Only

_____
Wei Guo Shi

State of New York, County of _____ ) ss:

On the _____ day of November in the year 2017, before me, the undersigned, personally appeared Li Ming Yan personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is(are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
NOTARY PUBLIC

State of New York, County of _____ ) ss:

On the _____ day of November in the year 2017, before me, the undersigned, personally appeared Wei Guo Shi personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is(are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
NOTARY PUBLIC

China Gourmet Food Inc.

By: _____  
Keng Chen, Pres.

_LIMING YAN_____  
Li Ming Yan

_____  
Arthur H. Forman, As Attorney  
for Defendants Heng Liang  
Lin and Zhong Yi Chen, Only

_Wei Guo Shi_____  
Wei Guo Shi

State of New York, County of _____ ) ss.:

On the _____ day of November in the year 2017, before me, the undersigned, personally appeared Li Ming Yan personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is(are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____  
NOTARY PUBLIC

State of New York, County of _____ ) ss.:

On the _____ day of November in the year 2017, before me, the undersigned, personally appeared Wei Guo Shi personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is(are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
LI MING YAN, WEI GUO SHI, individually and on                    17-CV-01925 (RRM)(CLP)
behalf of all other employees similarly situated,

                                            Plaintiff,

        -against-                                              **STIPULATION OF**
                                                                         **DISMISSAL WITH**
CHINA GOURMET FOOD INC. d/b/a China Gourmet,                     **PREJUDICE**
HENG LIANG LIN, ZHONG YI CHEN,

                                                 Defendants.
-----------------------------------------------------------------X

**IT IS HEREBY STIPULATED AND AGREED** by and between the parties, through their undersigned counsel, that this action, including all claims that were asserted herein, is hereby dismissed with prejudice, and the parties are to bear their own costs and attorneys' fees except as otherwise agreed upon between the parties;

**IT IS FURTHER STIPULATED AND AGREED** that Plaintiffs are precluded from bringing any further claims against Defendants or any of them under the Fair Labor Standards Act or New York Labor Law, or any federal, state or local law, for unpaid wages, or any other wage violation, including overtime pay, for the period set forth in Plaintiffs' Complaint;

**IT IS FURTHER STIPULATED AND AGREED** that this Court shall retain jurisdiction to enforce the settlement in this action;

**IT IS FURTHER STIPULATED AND AGREED** that this Stipulation may be executed in counterparts with scanned PDF or facsimile signatures treated as originals.

HANG & ASSOCIATES, PLLC

By: _____ Date 1/15/18
~~Paul Mendez~~ Phillip H. Kim
136-20 38th Avenue, Suite 10G
Flushing, New York 11354
(718) 353-8522

*Attorneys for Plaintiffs*

_____ Date 12/26/17
Arthur H. Forman
98-20 Metropolitan Avenue
Forest Hills, New York 11375
(718) 268-2616

*Attorney for Defendants*

SO ORDERED:

_____
U.S.D.J.