UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
LI MING YAN *et ano.*,

                    Plaintiffs,

          -against-                        **MEMORANDUM AND ORDER**
                                                          17 CV 1925 (CLP)

CHINA GOURMET FOOD INC. d/b/a
China Gourmet *et al.*,

                    Defendants.
----------------------------------------------------------X
**POLLAK**, United States Magistrate Judge:

       Plaintiffs Li Ming Yan ("Yan") and Wei Guo Shi ("Shi") (collectively, the "plaintiffs") commenced this action against defendants China Gourmet Food Inc. ("China Gourmet"), Heng Liang Lin, and Zhong Yi Chen (collectively, the "defendants"), seeking unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL") § 650 *et seq.*, as well as damages stemming from defendants' alleged failure to comply with the wage notice requirements under the portion of the New York Labor Law commonly known as the Wage Theft Prevention Act. (See generally Compl., Apr. 4, 2017, ECF No. 1).

       After lengthy and contentious negotiations, the parties settled this matter, and subsequently filed their Settlement Agreement and request for approval on January 22, 2018. (See generally Mot. to Approve Settlement, Jan. 22, 2018, ECF No. 21). The Court held a fairness hearing on April 5, 2018. (See Minute Entry, April 5, 2018, ECF No. 24). All parties have consented to this Court's exercise of plenary jurisdiction pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. (See Consent and Order of Reference, Dec. 8, 2017, ECF No. 19).

1

For the reasons set forth below, the Court finds the proposed settlement to be fair and reasonable and therefore grants the motion for settlement approval.

FACTUAL BACKGROUND

Plaintiff Yan alleged in the Complaint that he was employed by defendants as a cook from November 7, 2016 to April 1, 2017. (Settlement Ltr[1] at 1). He alleges that he worked approximately 75 hours per week and was paid a fixed monthly salary of $3,100 for the first month of his employment, followed by a raised to $3,200 per month for the rest of his employment. (Id.) Plaintiff Shi was employed as a kitchen helper/cook from October 31, 2016 to January 31, 2017, and was paid a fixed monthly salary of $2,800 for 75 hours of work per week. (Id.) Plaintiffs claimed that they were not properly paid overtime, spread-of-hours pay, and were not provided proper notices under the Wage Theft Prevention act. (Id. at 3).

The parties have agreed to settle the action for a total of $20,000, with plaintiff Shi receiving $4,740.98 and plaintiff Yan receiving $7,592.35. (Id.) In addition, counsel would be reimbursed for $1,500 in filing fees and costs with 1/3 of the remaining amount of $18,500—$6,166.66—being paid as attorneys' fees. (Id.)

DISCUSSION

**A. Legal Standard**

The Second Circuit has explained that the parties must obtain approval from the district court or the Department of Labor before a settlement and stipulation of dismissal relating to a plaintiff's FLSA claims may take effect. See Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015), cert. denied, 136 S. Ct. 824 (2016). That requirement "is consistent

---

[1] Citations to "Settlement Ltr" refer to the Settlement Letter, dated January 22, 2018, ECF No. 21.

with what both the Supreme Court and [the Second Circuit] have long recognized as the FLSA's underlying purpose: 'to extend the frontiers of social progress by insuring to all our able-bodied working men and women a fair day's pay for a fair day's work.'" Id. (quoting A.H. Phillips, Inc. v. Walling, 324 U.S. 490, 493 (1945)). Cheeks confirmed the need for court approval of FLSA settlements, but did not set forth the specific factors courts should consider. "Because jurisprudence, like nature, abhors a vacuum, district courts are commissioned to fill the void[.]" Gao v. Perfect Team Corp., 249 F. Supp. 3d 636, 638 (E.D.N.Y. 2017).

In considering whether to approve an FLSA settlement, courts consider whether the agreement "reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." Le v. Sita Info. Networking Computing USA, Inc., No. 07 CV 86, 2008 U.S. Dist. LEXIS 46174, at *1-2 (E.D.N.Y. June 12, 2008); accord Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982) (holding that where an FLSA settlement is a reasonable compromise, the settlement should be approved to "promote the policy of encouraging settlement of litigation"). Courts have identified several factors to consider when determining whether a proposed settlement is fair and reasonable, including:

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citations omitted); see also Cohetero v. Stone & Tile, Inc., No. 16 CV 4420, 2018 WL 565717, at *2-3 (E.D.N.Y. Jan. 25, 2018) (endorsing the factors from Wolinsky). Additionally,

3

> [f]actors weighing against approval include "(1) the presence of other employees situated similarly to the claimant; (2) a likelihood that the claimant's circumstance will recur; (3) a history of FLSA non-compliance by the same employer or others in the same industry or geographic region; and (4) the desirability of a mature record and a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace."

Cohetero v. Stone & Tile, Inc., No. 16 CV 4420, 2018 WL 565717, at *3 (quoting Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d at 336).

**B. Analysis**

In this case, after holding a fairness hearing and reviewing the parties' submission, the Court finds that the settlement reached is a fair and reasonable compromise of the plaintiffs' claims, considering the amount received, the issues of potential liability that might have limited recovery, and the fact that the parties engaged in protracted arms' length negotiations among experienced counsel sufficient to gain an understanding of the risks and benefits of proceeding with the litigation. Cf. Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d at 335. Although the amounts received by plaintiffs in this settlement are lower than what they would have recovered if they had been completely successful at trial, here they acknowledge that they have agreed to settle in order to avoid the risks of trial and, perhaps more significantly, the risks attendant to collecting any judgment that might enter given that the restaurant has closed and one of the defendants has moved to China. In light of the foregoing and based on the Court's familiarity with the proceedings in this action after having supervised pretrial proceedings, including settlement discussions, the Court finds that the proposed settlement is fair and reasonable and therefore grants the parties' motion to approve the settlement.

## CONCLUSION

For the reasons set forth above, the Court finds the proposed settlement to be fair and reasonable, and the parties' motion to approve the settlement is therefore granted. The parties shall file a stipulation of dismissal for the Court's endorsement within forty-five (45) days.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
July 17, 2018

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York